UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

LARRY H. TYSON,  )
)
        Petitioner,  )
)
vs.  )     1:11-CV-1154-JMS-MJD
)
KEITH BUTTS, Superintendent,  )
)
        Respondent.  )

**Entry Denying Petition for Writ of Habeas Corpus**

    Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court* provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition because the petition of Larry H. Tyson for a writ of habeas corpus shows on its face that Tyson is not entitled to the relief he seeks.

**Discussion**

    Tyson challenges the validity of a prison disciplinary proceeding. Tyson's claims are the following: 1) the Superintendent never approved the recommended sanctions, which resulted in a violation of Tyson's Fourth Amendment and due process rights; and 2) he was denied a handwriting analysis in violation of his due process rights.

    A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* The mere allegation that the prison Superintendent did not approve the recommended sanctions does not suggest a violation of Tyson's right to due process in connection with the challenged proceeding.

Tyson also requested a handwriting analysis be completed before the disciplinary hearing. This request was denied. This denial, however, did not violate Tyson's right to due process because prisoners have no right to secure forensic testing, *Frietas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988); *U.S. ex rel. Wilson v. DeRobertis,* 508 F. Supp. 360 (N.D.Ill. 1981), and the circumstances of the present case certainly did not compel such testing in order to test the veracity of the conduct report.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the State may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and Asome evidence in the record@ to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Tyson to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/13/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana